```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION


RAUL CASAS,                       §
                                  §
          Plaintiff,              §
                                  §
v.                                §
                                  §    CIVIL ACTION NO. H-05-3026
MITSUBISHI CATERPILLAR,           §
FORKLIFT AMERICA, INC.,           §
                                  §
          Defendant.              §
```

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant's Motion for Summary Judgment. For the reasons stated below, defendant's motion will be granted.

### I. Background

Plaintiff, Raul Casas, was born on September 3, 1947, in Reynosa, Mexico. Defendant, Mitsubishi Caterpillar Forklift America, Inc., manufactures forklift trucks at its facility in Houston, Texas. Defendant hired plaintiff in 1992, and plaintiff worked in various positions within the company until March 25, 2004, when plaintiff's employment was terminated.[1] During his employment plaintiff was given nine disciplinary warnings for

---

[1] At the time he was fired plaintiff was working as a materials handler, pulling parts for use on defendant's production line. Defendant's Motion for Summary Judgment, Docket Entry No. 9, p. 3.

breaking rules set forth in the Employee Handbook.[2]  On one of these occasions, plaintiff was given a three-day suspension for being outside his work area without authorization.  Plaintiff denies the factual allegations of some of these incidents.[3]  On March 22 and 23, 2004, plaintiff was spotted outside his work area without authorization.[4]  Defendant conducted an investigation of the allegations, and, taking into account plaintiff's previous discipline, decided to fire plaintiff for violating company rules.[5]  Plaintiff subsequently brought this action in state court alleging that his termination was due to discrimination based on age and national origin under the Texas Commission on Human Rights Act ("TCHRA"), Title VII of the Civil Rights Act of 1964 ("Title VII"),

---

[2] Defendant's Motion for Summary Judgment, Docket Entry No. 9, pp. 3-7; Plaintiff's Response to Defendant's Motion for Summary Judgment, Docket Entry No. 12, pp. 2-4.

[3] Plaintiff contends that eight of the nine warnings were unwarranted.  Plaintiff's Response to Defendant's Motion for Summary Judgment, Docket Entry No. 12, pp. 2-4.  On four of the nine Employee Warning Notices plaintiff indicated that he disagreed with his employer's description of the violation but offered no alternate description of events.  Id. Exhibits 13, 16, 18, 19.  Of the remaining five warnings, plaintiff indicated that he agreed with the description on two warnings, and he signed three of the warnings, but did not indicate his agreement or disagreement.  Id. Exhibits 12, 17 and 9, 10, 11, respectively.  Plaintiff contends that he did not indicate disagreement to four of the descriptions because he was "intimidated."  Plaintiff does not explain why he felt intimidated with regard to those four incidents but not the others, nor does he indicate that such intimidation was the product of discrimination based on age or national origin.

[4] Defendant's Motion for Summary Judgment, Docket Entry No. 9, p. 7.

[5] Id. at p. 8.

and the Age Discrimination in Employment Act ("ADEA"). Plaintiff also alleges that defendant terminated his employment because he "opposed discriminatory practices," in violation of Title VII and TCHRA and states a cause of action for intentional infliction of emotional distress. Defendant removed the case to federal court pursuant to 28 U.S.C. § 1441. After conducting a substantial amount of discovery, defendant now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56(c).

## II.   Summary Judgment Standard

Summary judgment is warranted when evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986). A material fact is a fact that is identified by applicable substantive law as critical to the outcome of the suit. Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986). To be genuine, the dispute regarding a material fact must be supported by evidence such that a reasonable jury could resolve the issue in favor of either party. Id. at 2511.

The movant (defendant) must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues. Celotex Corp., 106 S. Ct. at 2553. In response to

such a showing, the nonmoving party (plaintiff) must go beyond the pleadings and proffer evidence that establishes each of the challenged elements of the case, demonstrating the existence of genuine issues of material fact that must be resolved at trial. Id.

When considering the evidence, "[d]oubts are to be resolved in favor of the nonmoving party, and any reasonable inferences are to be drawn in favor of that party." Evans v. Houston, 246 F.3d 344, 348 (5th Cir. 2001). The court should not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." Honore v. Douglas, 833 F.2d 565, 567 (5th Cir. 1987).

"In an employment discrimination case, we focus on whether a genuine issue exists as to whether the defendant intentionally discriminated against the plaintiff." LaPierre v. Benson Nissan, Inc., 86 F.3d 444, 447-48 (5th Cir. 1996); see also Okoye v. Univ. of Tex. Houston Health Sci. Ctr., 245 F.3d 507, 513 (5th Cir. 2001). Plaintiff's "own self-serving generalized testimony stating [his] subjective belief that discrimination occurred" does not by itself create a genuine issue of material fact. Grizzle v. Travelers Health Network, Inc., 14 F.3d 261, 268 (5th Cir. 1994).

### III. Analysis

Plaintiff asserts that defendant wrongfully terminated his employment on the basis of age, national origin, and retaliation.

Plaintiff also states a cause of action for intentional infliction of emotional distress. Defendant requests summary judgment for the entire action. The court will review each argument in turn.

**A.  Discrimination Based on Age**

Plaintiff brings age discrimination claims under both Texas and federal laws that make it unlawful for an employer to discharge any individual based on his age. TEX. LAB. CODE § 21.051; 29 U.S.C. § 621. The Fifth Circuit holds that both claims are properly evaluated under the same "modified McDonnell Douglas approach."[6] Rachid v. Jack in the Box, Inc., 376 F.3d 305, 312 (5th Cir. 2004). Under this approach:

> the plaintiff must . . . demonstrate a prima facie case of discrimination; the defendant then must articulate a legitimate, non-discriminatory reason for its decision to terminate the plaintiff; and, if the defendant meets its burden of production, "the plaintiff must then offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic (mixed-motives alternative).

Id. (internal quotation marks omitted).

The requirements to establish a prima facie case vary depending on the context of the claim. See, e.g., Amburgey v.

---

[6] While McDonnell Douglas was a Title VII case, the same burden-shifting framework is appropriately applied to ADEA and TCHRA cases. Evans v. Houston, 246 F.3d 344, 350 (5th Cir. 2001); Wal-Mart Stores, Inc. v. Canchola, 121 S.W.3d 735, 739 (Tex. 2003).

Corhart Refractories Corp., 936 F.2d 805, 812 (5th Cir. 1991). In this case, plaintiff must show that

> (1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age.

Rachid, 376 F.2d at 309 (internal quotation marks omitted).

It is undisputed that plaintiff was discharged and was within the protected class (over forty years of age) at the time. Plaintiff also provides copies of his work evaluations as evidence that he was qualified for his job.[7] Defendant argues that plaintiff failed to meet his burden on the fourth element because plaintiff was not replaced by another employee but, rather, his duties were assumed by a third-party company.[8] Defendant also contends that plaintiff did not adequately show that he was "otherwise discharged because of his age." In response, plaintiff points to a list of employees younger than plaintiff who were given warnings for the same violation as plaintiff (i.e., being outside his or her work area without permission) but whose employment was not terminated.[9] Plaintiff does not state whether these employees had nine other violations, as plaintiff had.

---

[7]Plaintiff's Response to Defendant's Motion for Summary Judgment, Docket Entry No. 12, p. 4 (listing plaintiff's performance as "competent," "average," and "good").

[8]Defendant's Motion for Summary Judgment, Docket Entry No. 9, p. 8.

[9]Plaintiff's Response to Defendant's Motion for Summary Judgment, Docket Entry No. 12, pp. 4-6.

The Fifth Circuit has held that in order to "establish a prima facie case, a plaintiff need only make a very minimal showing." See <u>Nichols v. Loral Vought Sys. Corp.</u>, 81 F.3d 38, 41 (5th Cir. 1996) (quoting <u>Thornbrough v. Columbus and Greenville R. Co.</u>, 760 F.2d 633, 639 (5th Cir. 1985)). Considering this "minimal" standard and recognizing that defendant's arguments can also be appropriately evaluated in later steps of the modified <u>McDonnell Douglas</u> analysis, the court will accept, <u>arguendo</u>, that plaintiff has met the initial burden of presenting a <u>prima facie</u> case.

Having found that plaintiff met his threshold burden, the onus shifts to defendant to articulate a legitimate, nondiscriminatory reason for its decision to terminate plaintiff. See <u>Rachid</u>, 376 F.2d at 312. Defendant meets this burden of production by stating that, consistent with company policies, plaintiff was dismissed for violating company rules after a series of disciplinary warnings.[10] <u>See, e.g.</u>, <u>Perez v. Region</u>, 307 F.3d 318, 326 (5th Cir. 2002) ("Poor work performance is a legitimate, non-discriminatory reason for discharge.").

The burden then shifts back to plaintiff, who must demonstrate either that (1) defendant's reason is merely a pretext for discrimination, or (2) that defendant's decision was also unlawfully motivated by plaintiff's age. <u>Rachid</u>, 376 F.3d at 312.

---

[10] Defendant's Motion for Summary Judgment, Docket Entry No. 9, pp. 11-12.

The evidence plaintiff produces at this stage must be sufficient for a jury to conclude, by a preponderance of the evidence, that age was a motivating factor for the employment action.  <u>Desert Palace, Inc. v. Costa</u>, 123 S. Ct. 2148, 2155 (2003).

Plaintiff contends that this burden has been met by pointing to his list of other employees who were disciplined for the same violation — being outside their work area without permission — but were not terminated.[11]  While evidence of disparate treatment is commonly used to prove discriminatory motives (<u>See</u> <u>Int'l Bhd. of Teamsters v. United States</u>, 97 S. Ct. 1843, 1855 n.15 (1977).), to be probative plaintiff must show that defendant gave preferential treatment to another employee under "nearly identical" circumstances; "that is, that the misconduct for which [the plaintiff] was discharged was nearly identical to that engaged in by . . . [other] employees." <u>Okoye v. Univ. of Tex. Houston Health Sci. Ctr.</u>, 245 F.3d 507, 514 (5th Cir. 2001) (citations omitted); <u>see also</u> <u>Bryant v. Compass Group USA, Inc.</u>, 413 F.3d 471, 478 (5th Cir. 2005).  Plaintiff lists 27 other employees who were disciplined but not terminated for being outside their work area without authorization and notes that none of these employees are older than plaintiff.[12]  However, plaintiff does not address these

---

[11]Plaintiff's Response to Defendant's Motion for Summary Judgment, Docket Entry No. 12, pp. 4-6, 15.

[12]<u>Id.</u>  Of these 27 employees, 7 are less than 3½ years younger than plaintiff.

other employees' discipline records. Defendant states that its termination decision rested, in part, on plaintiff's prior disciplinary warnings.[13] Because the misconduct for which plaintiff was discharged was not comparable to the other 27 employees, the court concludes that plaintiff's list is not sufficient to show that age discrimination was a motivating factor in defendant's decision.

Plaintiff offers no other evidence to prove discriminatory intent. While plaintiff disputes the factual basis of some of his disciplinary warnings, he does not explain how such actions were discriminatory. This factual issue, therefore, does not raise a dispute over a material fact. On the contrary, plaintiff admitted in his deposition that he has no reason to believe that age played a role in his termination other than the fact that he was 57 years old at the time.[14] Plaintiff cannot rely on his subjective belief to establish evidence of discrimination. See Elliot v. Group Med. & Surgical Serv., 714 F.2d 556, 564 (5th Cir. 1983) ("generalized testimony by an employee regarding his subjective belief that his discharge was the result of age discrimination is insufficient to make an issue for the jury in the face of proof showing an adequate, nondiscriminatory reason for his discharge").

---

[13]Defendant's Motion for Summary Judgment, Docket Entry No. 9, p. 8.

[14]Defendant's Motion for Summary Judgment, Docket Entry No. 9, Exhibit A p. 230.

Accordingly, defendant will be granted summary judgment on this claim.

**B.  Discrimination Based on National Origin**

Plaintiff also alleges discrimination based on national origin under Title VII. The modified <u>McDonnell Douglas</u> approach is also appropriate for Title VII cases. <u>See</u> <u>Roberson v. Alltel Info. Serv.</u>, 373 F.3d 647, 649 (5th Cir. 2004). Even if the court again assumes that plaintiff met his burden in establishing a <u>prima facie</u> case of discrimination, plaintiff has not shown that the nondiscriminatory reason defendant gave for its employment decision is either a pretext for discrimination or that defendant's reason, while true, was accompanied by unlawful discriminatory motives. In response to defendant's motion for summary judgment, plaintiff makes no mention of this claim except to list it in his summary of arguments.[15] Again, plaintiff stated in his deposition that his only reason for believing that he was subjected to discrimination based on national origin is the fact that he is Hispanic.[16] Since

---

[15] Plaintiff's Response to Defendant's Motion for Summary Judgment, Docket Entry No. 12, p. 1. In passing, plaintiff mentions that there were also "three black persons" outside their work area without authorization on March 22, 2004, but they were not terminated. <u>Id.</u> at 4. However, it is not appropriate to compare plaintiff to these unidentified persons because no evidence was presented to suggest that these persons were similarly situated to plaintiff or whether they were observed by defendant to be violating a rule.

[16] Defendant's Motion for Summary Judgment, Docket Entry No. 9, Exhibit A p. 230.

defendant has articulated a legitimate, nondiscriminatory reason for firing plaintiff, which plaintiff has not rebutted, this claim fails as a matter of law. Accordingly, summary judgment will be granted.

## C. Unlawful Retaliation

Plaintiff also alleges a claim for unlawful retaliation in violation of Title VII and TCHRA.[17] To establish a prima facie case of retaliation, plaintiff must show that (1) he engaged in protected activity, (2) an adverse employment action occurred, and (3) a causal connection exists between the two. See Messer v. Meno, 130 F.3d 130, 140 (5th Cir. 1997); Graves v. Komet, 982 S.W.2d 551 (Tex. App. -- San Antonio, Oct. 28, 1998) (TCHRA claim). Under Title VII an employee engages in protected activity only if he has "opposed any practice made an unlawful employment practice by this subchapter" or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a); see also Tex. Lab. Code § 21.055. Plaintiff failed to produce any evidence on the claim.[18] In his deposition testimony plaintiff admits that he never complained to defendant about discriminatory treatment

---

[17] Plaintiff's Response to Defendant's Motion for Summary Judgment, Docket Entry No. 12, p. 1.

[18] Plaintiff's Response to Defendant's Motion for Summary Judgment, Docket Entry No. 12, p. 1.

against himself or anyone else.[19]  Because plaintiff has presented no evidence that he engaged in conduct protected by Title VII or the TCHRA, he cannot meet his burden of establishing a prima facie case of retaliation.  Moreover, defendant's nondiscriminatory, legitimate reason for plaintiff's discharge rebuts plaintiff's conclusory allegations that defendant violated Title VII and the TCHRA's anti-retaliation provisions.  Accordingly, defendant will be granted summary judgment on this claim.

**D.    Intentional Infliction of Emotional Distress**

While plaintiff alleges a claim for intentional infliction of emotional distress in his complaint,[20] plaintiff makes no mention of this claim in his response to defendant's motion for summary judgment.[21]  To establish this cause of action, plaintiff must demonstrate that (1) defendant acted intentionally or recklessly, (2) the conduct was extreme and outrageous, (3) the actions of the defendant caused plaintiff emotional distress, and (4) the emotional distress suffered by plaintiff was severe.  City of Midland v. O'Bryant, 18 S.W.3d 209, 216 (Tex. 2000).  Nowhere does

---

[19]Defendant's Motion for Summary Judgment, Docket Entry No. 9, Exhibit A pp. 240-243.  Plaintiff testified that his only complaint was that he was "picked on" because he supported the union at MCFA.  Id.

[20]Plaintiff's Original Petition, Docket Entry No. 1, p. 7.

[21]Plaintiff's Response to Defendant's Motion for Summary Judgment, Docket Entry No. 12.

plaintiff articulate a basis for relief for this cause of action. Furthermore, an employer's conduct toward an employee does not normally rise to such an extreme and outrageous level so as to support an intentional infliction of emotional distress claim. See id. at 217; see also Hirras v. National R.R. Passenger Corp., 95 F.3d 396, 400 (5th Cir. 1996) ("An employer's conduct, even if a Title VII violation, rises to the level of 'extreme and outrageous' only in the most unusual cases.") (internal quotation marks omitted). Because plaintiff offers no factual basis for this claim, defendant's motion for summary judgment will be granted.

## IV.  Conclusion and Order

For the reasons stated above, the court concludes that summary judgment is warranted on all of plaintiff's claims. Defendant's Motion for Summary Judgment (Docket Entry No. 9) is therefore **GRANTED**.

**SIGNED** at Houston, Texas, this 27th day of September, 2006.

SIM LAKE
UNITED STATES DISTRICT JUDGE